**TRUSTEES OF the OPERATING ENGINEERS PENSION TRUST; Trustees of the Operating Engineers Health and Welfare Fund; Trustees of the Operating Engineers Vacation-Holiday Fund; Trustees of the Operating Engineers Apprenticeship Training Trust; and Operating Engineers Industry Promotion Fund, Plaintiffs,**

v.

**Ricky Joe BURTON, an individual d/b/a Break 'em Excavation, Defendant.**

**No. Civ. LV 84–211 RDF.**

United States District Court, D. Nevada.

Sept. 25, 1985.

Kevin B. Christensen of Dennis M. Sabbath, Chartered, Las Vegas, Nev., Christopher M. Laquer, Jett, Clifford & Laquer, Los Angeles, Cal., for plaintiffs.

Robert J. Gower of Wiener, Waldman, Gordon & Silver, Ltd., Las Vegas, Nev., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

ROGER D. FOLEY, Senior District Judge.

This case having been tried to the Court on the 23rd and 24th days of September, 1985, and plaintiffs having appeared by and through their attorney Kevin B. Christensen, of the law firm of Dennis M. Sabbath, Chartered, and defendants having appeared through their attorney, Robert J. Gower, of Wiener, Waldman, Gordon & Silver, Ltd., and the Court having heard oral argument, having received evidence and the testimony of witnesses sworn, hereby finds and concludes as follows.

### FINDINGS OF FACT

1. That the plaintiff Trustees are fiduciaries charged with the administration of the Operating Engineers Pension Trust; Operating Engineers Health and Welfare Fund; Operating Engineers Vacation-Holiday Fund; Operating Engineers Apprenticeship Training Trust; and Operating Engineers Industry Promotion Fund (Trusts).

2. That the Trusts are express Taft-Hartley joint labor-management employee benefit trusts established and existing pursuant to written declarations and agreements of trust between the International Union of Operating Engineers, Local No. 12 (Local 12), and various multi-employer associations in the construction industry in Southern California and Southern Nevada. The Trusts were created and now exist pursuant to Section 302(a) of the Labor-Management Relations Act of 1947, as amended (29 U.S.C. § 186(c)).

3. That at all times relevant herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada and, in particular, representing the employees doing operating engineer work for Ricky Joe Burton, a/k/a Rick Burton (Burton), an individual, d/b/a Break 'em Excavation.

4. That at all times relevant hereto, Burton is and was a resident of Clark County, Nevada, doing business as Break 'em Excavation, with his principal business office located at 3700 South Highland Drive, Las Vegas, Nevada.

5. That defendant Break 'em presently is and was at all times relevant hereto doing business in the State of Nevada and an employer engaged in interstate commerce within the meaning of Section 301(a) of the Labor-Management Relations Act.

6. That on or about April 15, 1980, defendant Burton, d/b/a Break 'em Excavation, executed and delivered to Local 12 a written collective bargaining agreement (Agreement) whereby the defendant agreed to be bound by the terms and conditions, with certain exceptions, of various written and existing agreements between various multi-employer associations and Local 12. In particular, defendant agreed to be bound by the Master Labor Agreement (Master Agreement) then in effect in the area in which Break 'em Excavation was doing business at said time; and further, that on April 15, 1980, defendant Burton signed written Acknowledgments and Acceptances

of Trust (Trust Agreements) establishing the respective operating engineer fringe benefit Trusts.

7. That the Master Agreements for 1977–80, 1980–83, and 1983–86 are incorporated by reference into the Agreement signed by Burton in behalf of Break 'em Excavation and contain the contribution pay and report provisions relevant hereto.

8. That at all times material hereto, the defendant has been obligated to the terms of the Master Agreements, short form labor agreement, and respective Trust Agreements.

9. That defendant was obligated to submit monthly written reports on a timely basis to the Trust Funds' administrative offices in Pasadena, California, and in Las Vegas, Nevada, identifying therein those employees performing covered work, the hours they worked, and remitting payment of fringe benefits at contractually specified rates for each hour worked or paid. The reports and payments are due by the 10th day of each successive month at the Trust Funds' respective administrative offices.

10. That defendant is obligated to submit to periodic payroll audits by representatives of the plaintiff Trusts to determine compliance with the terms of the agreements.

11. That Jerry McKinlay and Steven Bagshaw were employees of Break 'em, and that each performed work covered under the Operating Engineers Collective Bargaining Agreement and for whom Trust Fund contributions were paid.

12. That Break 'em Excavation, pursuant to the terms of the Master Agreement and Trust Agreement, had made contributions in behalf of McKinlay and Bagshaw to the plaintiff Trust Funds.

13. That on the 23rd of February, 1982, Jerry McKinlay and Steven R. Bagshaw, then represented, by Burton and by themselves, to be exempted partners in Break 'em, signed, together with Burton, a Stipulation for Entry of Judgment in behalf of Break 'em Excavation for monies owed to the Trust Funds because the defendant had failed to file timely reports and in some instances had failed to file any reports with the plaintiffs.

14. That, based upon the aforesaid representations, the Trustees requested the signatures of Jerry McKinlay and Steven R. Bagshaw, as partners, on the Stipulated Judgment entered into by the parties on February 23, 1982.

15. That at the time Bagshaw and McKinlay signed the Stipulated Judgment, plaintiffs had no reason to question the representations that McKinlay and Bagshaw were exempted partners and had no knowledge that Bagshaw and McKinlay's purported interest in Break 'em Excavation was less than ten (10) percent.

16. That all other claims made by the Trust Funds have been paid by defendant, other than the hours now claimed in behalf of Jerry McKinlay and Steven R. Bagshaw.

17. That since the date of a claimed partnership (with Burton, Bagshaw, and McKinlay as partners), defendant has refused to report or pay Trust Fund contributions in behalf of McKinlay or Bagshaw because defendant has claimed them to be exempted partners of Burton in Break 'em Excavation.

18. That Jerry McKinlay and Steven R. Bagshaw had been approached in late 1981 by Burton and offered a five (5) percent partnership interest in Break 'em Excavation as a condition of continuation of their employment with Break 'em Excavation.

19. That after the alleged partnership agreement was reached, McKinlay and Bagshaw did not change the nature of their work, but continued to perform work covered under the Master Labor Agreement, and continued to be issued by Burton W–2 forms as employees of Break 'em Excavation.

20. That Burton owned and controlled all of the assets of Break 'em Excavation.

21. That there was no understanding by the alleged partners for Break 'em Excavation as to when and how to distribute profits or allocate debts among Burton, McKinlay and Bagshaw.

22. That to date there are no written partnership agreements, no partnership tax returns have been prepared or filed by or in behalf of Burton, Jerry McKinlay or Steven R. Bagshaw during the term of the alleged partnership.

23. That at all material times herein, McKinlay and Bagshaw did not share in Break 'em Excavation's profits or pay its losses and had no authority to bind the partnership to contracts, sell its assets, or manage its business affairs, although Steven R. Bagshaw had some limited authority to hire and fire employees and was a signatory on payroll checks.

24. That following the attempted formation of the alleged partnership, Burton retained ownership and control of Break 'em.

25. That Burton did not sign the labor and trust agreements under duress.

26. That plaintiffs have not waived any of their causes of action in this matter.

27. That neither the plaintiffs, their agents, nor Local 12 made any misrepresentations to induce Burton to sign the agreements concerning Break 'em's obligation to make Trust Fund contributions on behalf of its employees.

28. That plaintiffs conducted an audit of defendant's payroll and business records on the 3rd day of May, 1983.

29. That from the plaintiffs' May 3, 1983, payroll audit and from the reports voluntarily submitted to plaintiffs by defendant, the evidence reflects unreported hours and unpaid contributions in behalf of Jerry McKinlay and Steven R. Bagshaw totalling 4948.75 hours; and that liquidated damages are owed thereon, together with audit expenses of $175.00, attorney's fees, and court costs pursuant to Article XIV of the Master Labor Agreement.

30. That Break 'em breached its labor and trust agreements with plaintiffs by refusing and failing to report and pay fringe benefit contributions for McKinlay and Bagshaw.

31. That Break 'em is liable to plaintiffs for unpaid contributions in behalf of Steven R. Bagshaw and Jerry McKinlay, together with liquidated damages, audit costs, prejudgment interest, reasonable attorney's fees and court costs pursuant to 29 U.S.C. § 1132(g).

32. That the total damages owed by Break 'em to the plaintiffs is as follows:

| | | |
|---|---|---|
| (a) | delinquent contributions | $32,301.28 |
| (b) | liquidated damages | 10,242.30 |
| (c) | prejudgment interest | 10,242.30 |
| (d) | reasonable attorney's fees | 23,114.50 |
| (e) | audit costs | 175.00 |
| (f) | court costs | 856.50 |
| | TOTAL | $76,931.88 |

33. That the custom and practice of the Trust Funds is to require contributions in behalf of any partner of any signatory employer owning less than ten (10) percent of a signatory partnership business who performs covered work. Said custom and practice was approved by both Management and Labor Trustees and was binding upon all signatory employers.

34. Any conclusion of law which is deemed a finding of fact is hereby incorporated into these findings of fact.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action under § 301(a) of the Labor-Management Relations Act, as amended (29 U.S.C. § 185(a)) and § 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. § 1132(a)(3)).

2. The Trustees of the Trust Funds are proper plaintiffs in this action.

3. Burton, d/b/a Break 'em Excavation, has remained bound to the terms of the Agreement and Trust Agreements at all times relevant to this action.

4. That as a matter of law, the business association of Burton, McKinlay, and Bagshaw did not constitute a partnership.

5. McKinlay and Bagshaw are and were employees of Break 'em Excavation who performed work covered under the Master Agreement and for whom trust fund obligations are due and owing.

6. Operating Engineer employees with an ownership interest in the signatory employer must own at least ten (10) percent of the signatory employer to be exempt from Agreement, Master Agreement and Trust Agreement report and contribution provisions.

7. Break 'em Excavation is required to pay fringe benefit contributions on behalf of McKinlay and Bagshaw because they performed covered work and were not exempted partners.

8. The Stipulated Judgment previously entered into between the parties did not limit the plaintiffs' rights to collect additional trust fund contributions.

9. Plaintiffs' claims are not precluded by the statute of frauds, the Nevada six-year statute of limitations for written agreements is applicable.

10. Plaintiffs' claims are not precluded by the equitable doctrines of estoppel, laches, or waiver.

11. Plaintiffs' claims are enforceable, there being no failure of consideration in the execution of the labor and trust agreements.

12. The plaintiffs have not released the defendants from this cause of action.

13. Break 'em Excavation owes fringe benefit contributions to the trust funds in behalf of McKinlay and/or Bagshaw for all hours worked or paid.

14. Plaintiffs are entitled to collect contributions on all hours of work where McKinlay and/or Bagshaw performed some covered work, and part of their time was spent performing other than covered work.

15. That plaintiffs are entitled to damages based upon the Labor Agreements and 29 U.S.C. § 1132(g), which entitles the plaintiffs to damages based upon delinquent contributions, liquidated damages, court costs, audit costs, prejudgment interest, and attorney's fees.

16. That $23,114.50 is a reasonable attorney's fee for plaintiffs' counsel's services in this case, applying the 12-factor test approved in this circuit. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir. 1975); *Seymour v. Hull & Moreland Engineering,* 605 F.2d 1105, 1117 (9th Cir.1979).

17. That defendants take nothing.

18. Any finding of fact which is deemed a conclusion of law is hereby incorporated into these conclusions of law.

19. Judgment shall be entered in favor of plaintiffs and against defendants in the sum of $76,931.88.