526 F.2d 67
 90 L.R.R.M. (BNA) 3272, 32 A.L.R.Fed. 233,
78 Lab.Cas. P 11,172
 Ed. KERR, Plaintiff,
v.
SCREEN EXTRAS GUILD, INC., a corporation, Defendant-Appellee,
Richard A. Perkins, counsel for Plaintiff, Appellant.
Ed KERR, Plaintiff,
v.
SCREEN EXTRAS GUILD, INC., a corporation, H. O'Neil Shanks,
and Norman Stevans, Defendants-Appellees,
Richard A. Perkins, counsel for Plaintiff, Appellant.
 Nos. 74--1355, 74--2034.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 28, 1975.
Certiorari Denied April 26, 1976.
See 96 S.Ct. 1726.
 
 Richard A. Perkins (argued), in pro. per.
 Howard Z. Rosen (argued), Geffner & Satzman, Los Angeles, Cal., for defendants-appellees.
 Leon Goldin and Fred Okrand, Los Angeles, Cal., amicus curiae.
 OPINION
 Before BARNES and HUFSTEDLER, Circuit Judges, and SKOPIL,* District Judge.
 SKOPIL, District Judge:
 Attorney Richard A. Perkins represented Ed Kerr, a union member, in four related actions brought against the Screen Extras Guild, Inc. and certain of its officers for activities prohibited by the Labor-Management Reporting and Disclosure Act of 1959 (LMRDA), 29 U.S.C. § 401 et seq. The first two actions were eventually resolved in favor of Kerr. Kerr v. Shanks, 466 F.2d 1271 (9th Cir. 1972). On remand to the district court, Perkins was awarded attorney's fees of $20,000 for his efforts in the two cases.
 This consolidated appeal involves the award of attorney's fees in the third and fourth actions brought on behalf of Kerr (herein denominated the First and Second Disciplinary Cases). Both actions arose from attempts by the Guild to discipline Kerr for having supplied information to the Daily Variety, a motion picture industry trade publication, that the Guild had been found in violation of the LMRDA. In No. 74--1355, Perkins claims that the award of only $6,000 in attorney's fees in the First Disciplinary Case constitutes an abuse of discretion. In No. 74--2034, Perkins appeals from the denial of attorney's fees in the Second Disciplinary Case.
 No. 74--1355 (FIRST DISCIPLINARY CASE)
 The First Disciplinary Case involved the Guild's attempt to discipline Kerr in his status as a union member. At the hearing on Kerr's motion for a preliminary injunction, counsel for the Guild assured the district court that the Guild would take no further action to interfere with Kerr's union membership rights. The court then ordered the action dismissed as moot, except for the issue of the award of litigation expenses to Kerr. Subsequently, the district court denied any award.
 On appeal, however, we held that the action was not moot and further held that the LMRDA permits the recovery of litigation expenses, including reasonable attorney's fees, in suits brought under 29 U.S.C. §§ 412 and 529. Kerr v. Screen Extras Guild, Inc., 466 F.2d 1267 (9th Cir. 1972), cert. denied, 412 U.S. 918, 93 S.Ct. 2730, 37 L.Ed.2d 144 (1973). The case was remanded to the district court, which was ordered to exercise its discretion to determine whether Kerr was entitled to recover his litigation expenses. After remand, Perkins was granted leave to withdraw as Kerr's counsel and prosecute his own application for the allowance of attorney's fees.
 In support of his claim for attorney's fees, Perkins submitted the following evidence: a detailed list of services performed and results achieved, a conservative estimate that he had spent 125 hours on the case, a summary of his education and experience, information on attorney's fees paid by the Guild to its attorneys, expert testimony that a fee of $12,000 to $15,000 would be reasonable, and his own opinion that his services were worth $12,500. The Guild argued that a fee of $50 per hour is reasonable in such cases. Additionally, the Guild pointed out that Perkins had already received $20,000 in attorney's fees in prior related cases and that the treasury of the Guild, a relatively small union, had already been depleted by payments made to Perkins and the Guild's own attorneys.
 After an evidentiary hearing on the issue of attorney's fees, the district judge issued an order awarding fees in the amount of $6,000. The court gave the following explanation for its decision: 'The court believes that amount to be reasonable under all the circumstances of this case.' Kerr v. Screen Extras Guild, Inc., Civil No. 69--1954--HP (C.D.Cal., Nov. 7, 1973).
 The amount of attorney's fees to be awarded is, of course, within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Twentieth Century Fox Film Corporation v. Goldwyn, 328 F.2d 190, 221 (9th Cir. 1964). Nonetheless, review under any standard is difficult because of the trial court's failure to explain its decision. No correlation between the evidence presented and the amount awarded is apparent from the record.
 In a case presenting a similar situation, Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the Fifth Circuit found it necessary to vacate the award of attorney's fees and remand for reconsideration in light of the following guidelines: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. These guidelines are consistent with those recommended by the Code of Professional Responsibility of the American Bar Association, Disciplinary Rule 2--106.
 We adopt these guidelines as appropriate factors to be considered in the balancing process required in a determination of reasonable attorney's fees. The failure to consider such factors constitutes an abuse of discretion.
 Because the record before us is devoid of information as to the factors considered by the district court in its determination, a meaningful review is impossible. Therefore, the case is remanded for the limited purpose of making findings of fact and conclusions of law. The matter can be covered by an opinion containing a recital of the facts and the guidelines considered in determining attorney's fees. This opinion should be entered after vacating the old judgment. We do not intend to express any opinion herein that the amount of fees previously awarded should or should not be changed.
 No. 74--2034 (SECOND DISCIPLINARY CASE)
 The Second Disciplinary Case involved the Guild's attempt to discipline Kerr in his status as a member of the Guild's board of directors. After Kerr had filed his notice of appeal in the First Disciplinary Case, he received another notice of hearing on the same charges but contemplating only his removal from the board. Kerr again filed suit against the Guild and sought a preliminary injunction. Upon assurances by the Guild that no action would be taken on the disciplinary proceeding, the court granted several continuances. By the time the case came to trial, Kerr's term of office had expired.
 The district court held that proceedings to remove Kerr as an unpaid director were not actionable under 29 U.S.C. § 412 where instituted without malice and without affecting his membership status. Finding that Kerr had rendered no benefit to the Guild or to its members by filing the Second Disciplinary Case, the court further denied any award of attorney's fees. Kerr v. Screen Extras Guild, Inc., Civil No. 70--259--LTL (C.D.Cal., Jan. 12, 1972).
 Kerr appealed. While the appeal was pending, however, the United States Supreme Court handed down its decision in Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), holding that attorney's fees may be awarded in cases brought under the LMRDA, 29 U.S.C. § 412. In light of that decision, Kerr and the Guild entered into a stipulation which led to the vacation of the district court's judgment and remand of the cause for 'further proceedings not inconsistent with Hall v. Cole'. Kerr v. Screen Extras Guild, Inc., No. 72--1861 (9th Cir., July 10, 1973). After remand, Perkins was granted leave to withdraw as Kerr's counsel and prosecute his own application for the allowance of attorney's fees. (Kerr and the Guild eventually entered into a settlement as to Kerr's claims.)
 Having reconsidered its decision in light of Hall v. Cole, the district court reaffirmed its denial of attorney's fees. The court again found no evidence of malice, no violation of Kerr's rights as a union member, and no benefit to the union from the bringing of the Second Disciplinary Case. Kerr v. Screen Extras Guild, Inc., Civil No. 70--259--LTL (C.D.Cal., March 25, 1974). Perkins appeals from the denial of attorney's fees.
 The Supreme Court has established two separate criteria for the awarding of attorney's fees to a 'successful' plaintiff in an action brought under 29 U.S.C. § 412. The first is bad faith on the part of the defendants; the second, conferring a substantial benefit on the other members of the union. Hall v. Cole, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 302 (1973). The court below expressly found no evidence of bad faith. This finding is not clearly erroneous. The primary question, therefore, is whether the district court abused its discretion in concluding that prosecution of the Second Disciplinary Case conferred no substantial benefit upon the Guild's members.
 Initially, this case presents some problems in determining whether Kerr, the plaintiff, may be characterized as 'successful'. The district court found against Kerr in all respects, and Kerr has not prosecuted any appeal from that decision. Perkins argues that the Second Disciplinary Case was in fact successful in that the Guild abandoned the disciplinary proceedings after suit was brought. We have previously recognized that abandonment of threatened disciplinary proceedings may justify the award of attorney's fees. Kerr v. Screen Extras Guild, Inc., 466 F.2d 1267, 1271 (9th Cir. 1972), cert. denied, 412 U.S. 918, 93 S.Ct. 2730, 37 L.Ed.2d 144 (1973). See Yablonski v. United Mine Workers of America, 151 U.S.App.D.C. 253, 466 F.2d 424, 431 (1972), cert. denied, 412 U.S. 918, 93 S.Ct. 2729, 37 L.Ed.2d 144 (1973).
 We need not determine whether Kerr is a successful plaintiff, however, because we find that prosecution of the Second Disciplinary Case did not confer a substantial benefit upon the Guild's members. The primary benefit had already been conferred upon the members of the union by the First Disciplinary Case. Any benefit conferred by the Second Disciplinary Case was at best, as the district court characterized it, 'tenuous'. Because the requirements of Hall v. Cole for the award of attorney's fees have not been met, we affirm the decision of the district court in No. 74--2034. We express no opinion on the merits of Kerr's claim in the Second Disciplinary Case.
 Kerr v. Screen Extras Guild, Inc., No. 74--1355, is remanded.
 
 
 1
 Kerr v. Screen Extras Guild, Inc., No. 74--2034, is affirmed.
 
 
 2
 In No. 74--1355 it is requested that a new judgment be entered within ninety days. Should an appeal be taken, the parties should stipulate for an expedited briefing schedule and for inclusion of both the old and new records in the record on appeal.
 
 
 3
 If an appeal is taken, the Clerk of this Court is requested to set the appeal before this same panel.
 
 
 
 *
 The Honorable Otto R. Skopil, Jr., United States District Judge for the District of Oregon, sitting by designation