**Mark CHESTNUTT, Plaintiff,**

v.

**HORIZON AIR INDUSTRIES, INC., et al., Defendants.**

**Nos. CS–90–0058–JLQ, CS–90–0043–JLQ.**

United States District Court, E.D. Washington.

July 12, 1990.

Dennis W. Clayton, Spokane, Wash., for plaintiff.

Michael R. Scott, Louis D. Peterson, Eric D. Lansverk, Hillis Clark Martin & Peterson, Seattle, Wash., for defendant Horizon Air Industries, Inc.

Terry E. Thomson, Sylvester, Ruud, Petrie & Cruzen, Mark D. Deife, Sylvester Ruud Petrie & Cruzen, Seattle, Wash., for defendants Vanguard Ventures, Inc., AIC Management Corp., American Investors Corp., Field Point Holding Corp., Milton G.

Kuolt, II, Jane Doe Kuolt and Carl Paffendorf.

## MEMORANDUM OPINION AND ORDER SETTING REASONABLE COSTS AND ATTORNEYS' FEES

QUACKENBUSH, Chief Judge.

This matter came regularly on for hearing by the court for a determination of the reasonable costs and attorneys' fees to be paid by the plaintiff as a sanction under Rule 11 of the Federal Rules of Civil Procedure pursuant to a prior ruling of the court. *See* Ct.Rec. 21. As requested in the previous order, the defendants have filed affidavits and supporting documentation setting forth their claimed hourly rates and the time spent in defending this action, *see* Ct.Recs. 23–24, and the plaintiff has filed a responsive memorandum and affidavit, *see* Ct.Recs. 25–26.

### Applicable Law

When Rule 11 sanctions take the form of an award of attorneys' fees, the sums awarded are limited to "those expenses and fees that were reasonably necessary to resist the offending action." *In re Yagman,* 796 F.2d 1165, 1185 (9th Cir.1986). The measure of the award is one of reasonableness, as determined by the court, and is not the amount actually expended. *Id.* "Implicit in this [concept] is the duty to mitigate." *Id.*

Because fee determinations involve matters that essentially are factual in nature, the district court has broad discretion to fashion an award that is reasonable. *D'Emanuele v. Montgomery Ward & Co.,* 904 F.2d 1379, 1384–85 (9th Cir.1990). The Supreme Court has adopted a two-part test to focus the court in exercising that discretion. *See Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983).[1] As stated in *Hensley,* the court must first calculate a "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.* This calculation is critical because there exists a "strong" presumption that the lodestar amount represents a reasonable fee. *United States v. Phelps Dodge Corp.,* 896 F.2d 403, 406 (9th Cir.1990). Next, the court may increase or decrease the loadstar fee based on those factors identified by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), that have not been subsumed in the lodestar calculation. *Cunningham v. County of Los Angeles,* 879 F.2d 481, 487 (9th Cir.1988). These upward or downward adjustments, however, are the "exception rather than the rule." *D'Emanuele,* 904 F.2d at 1383. If adjustments are made, either in arriving at the lodestar or in applying a multiplier, the court must provide a "concise but clear" explanation for its decision. *Id.* at 1384–85; *Phelps Dodge,* 896 F.2d at 406.

The *Kerr* factors, mentioned above as guidelines for determining the reasonableness of attorney fees, include:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional

---

1. Although *Hensley* involved an award of fees and costs in a context other than Rule 11, the Ninth Circuit appears to insist that a court justify its reasonableness determination, even when the award of attorneys' fees is based on a violation of Rule 11 as opposed to prevailing party status, by applying the *Hensley* framework and the factors set forth in *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976). *See Toombs v. Leone,* 777 F.2d 465, 472 (9th Cir.1985). The court is not required, however, to consider all the *Kerr* factors. *Orange Production Credit v. Frontline Ventures Ltd.,* 792 F.2d 797, 801 (9th Cir.1986).

relationship with the client, and (12) awards in similar cases.

*Kerr,* 526 F.2d at 70. As stated above, however, many of the *Kerr* factors are subsumed within the initial calculation of the lodestar amount. *See Blum v. Stenson,* 465 U.S. 886, 898–900, 104 S.Ct. 1541, 1548–1550, 79 L.Ed.2d 891 (1984). The subsumed factors are: the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, the results obtained, and the superior performance of counsel. *D'Emanuele,* 904 F.2d at 1383–84; *Wood v. Sunn,* 852 F.2d 1205 (9th Cir.1988). In rare and exceptional cases, those *Kerr* factors that are not subsumed may support an adjustment to the lodestar amount, provided the court identifies the factors used and explains its rationale. *Cunningham,* 879 F.2d at 487.

Finally, in the context of Rule 11 sanctions, at least two other considerations have been found to be relevant in establishing the reasonableness of the fee amount: (1) misconduct on the part of the party seeking sanctions that may have contributed to the protraction of the lawsuit; and (2) the sanctioned party's ability to pay the award. *See Yagman,* 796 F.2d at 1185.

### Discussion

In this case, defendant Horizon seeks an award of $8,174.00 in attorneys' fees, representing 67.3 hours of work at rates ranging from $95.00 per hour to $210.00 per hour. Horizon also requests costs in the amount of $732.00. The remaining defendant, Vanguard Ventures, shows an outlay of 48.4 hours of attorney time at rates ranging from $105.00 per hour to $135.00 per hour for a total fee of $5,244.00. Costs claimed by Vanguard amount to $403.43.

The court finds that the instant action was anything but complex. Each party involved in this case was represented and present in a prior action that was dismissed on summary judgment. Sanctions were imposed in this case because the present complaint, a veritable carbon copy of the one filed and dismissed previously, was found to be frivolous.[2] Thus, not only were the attorneys here intimately familiar with the underlying facts, but the defendants' task amounted to the filing of a simple motion to dismiss based on established and relatively straightforward res judicata principles. It appears that Horizon took the bulk of that responsibility by filing the petition for removal and the motion to dismiss. Vanguard merely submitted joinder motions—such filings amounting in length to less than a page in each instance.

After considering the detailed affidavits of the defendants in light of the factors and legal principles discussed above, the court finds that Horizon's fees and costs, in the total sum of $8,906.00, represent a fair and reasonable compensation for the proportionate effort extended in defending this action. The plaintiff does not appear to contest the reasonableness of the claimed hourly rates and the court finds the hourly rates, the time expended, and the costs to be reasonable. Thus, defendant Horizon is HEREBY AWARDED fees in the amount of $8,174.00 and costs in the amount of $732.00 for a total award of $8,906.00.

As for defendant Vanguard, however, certain adjustments are in order. Despite the fact that Vanguard "rode the coattails" of Horizon through the process of securing the dismissal of the frivolous complaint, it still seeks costs and fees amounting to approximately 70% of those sought by Horizon. While the court understands that Vanguard must perform its own independent research to verify the work of Horizon, only a very small amount of research time and expense would appear to be need-

---

**2.** It is important to remember that sanctions were imposed in two cases: CS–90–058–JLQ, which was filed in state court and subsequently removed to federal court, and CS–90–043–JLQ, representing an identical complaint filed directly in federal court. These actions previously were consolidated for purposes of dismissal and the imposition of sanctions. *See* Ct.Rec. 21, at 3 n. 2.

ed or warranted. Yet a relatively substantial number of hours appear to have been spent researching the relevant law with the end product being several brief requests to join in Horizon's motions. More telling still is Vanguard's cost statement in which $204.08 is sought for computerized legal research. Although taking the lead in this case, Horizon's bill for computer time amounted only to $71.79.

The court finds that these expenditures of time and expense are not reasonable and do not conform to Vanguard's duty to mitigate. As this court views the level of complexity of the case and Vanguard's role in securing the dismissal, a reasonable award of costs and fees would not exceed 50% of the amount given to Horizon. Thus, the reasonable sanction would amount to $4321.94. The court arrives at this figure by dividing Horizon's fee award of $8,174.00 by 2 and adding the claimed costs less that portion of the amount spent on computerized legal research that exceeds the amount spent by Horizon ($204.00—$71.79). Thus, defendant Vanguard is HEREBY AWARDED $4,087.00 in fees and $234.94 in costs for a total award of $4321.94.[3]

The Clerk is HEREBY DIRECTED to enter judgment against the plaintiff and his attorney and in favor of Horizon in the amount of $8,906.00 and Vanguard in the amount of $4,321.94.

---

3. The court notes that the award totals set forth above represent the presumptively reasonable "lodestar" amount. The adjustments made to Vanguard's award were accomplished through the determination of the reasonable time expended prior to the application of any multiplier. No multiplier has been used in this case as none of the parties have requested one and the court finds such an adjustment to be unnecessary under *Kerr.*