961 F.2d 217
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, et al., Plaintiffs,
and
California Democratic Party, Plaintiff-Intervenor-Appellee,
v.
FAIR POLITICAL PRACTICES COMMISSION, Defendant-Appellant.
 No. 91-15335.
 United States Court of Appeals, Ninth Circuit.
 April 28, 1992.
 
 Before GOODWIN, SCHROEDER and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Fair Political Practices Commission ("FPPC") appeals the district court's order awarding attorney's fees to plaintiff-intervenor, the California Democratic Party ("Party"), under 42 U.S.C. § 1988. FPPC contends that the Party is not a "prevailing party" within the meaning of section 1988 and that the district court's fee award was unreasonable.
 
 
 3
 The Party is a "prevailing party" within the meaning of section 1988 because (1) it obtained the full benefit it sought in intervening in the action, (2) its participation in the litigation was not minimal, and (3) the nature of its success was not technical or de minimus. See Romberg v. Nichols, 953 F.2d 1152, 1157 (9th Cir.1992). The Party's status as an intervenor does not dictate a different conclusion. See Seattle Sch. Dist. No. 1 v. Washington, 633 F.2d 1338, 1349 (9th Cir.1980). "To retrospectively deny attorney's fees because an issue is not considered or because a party's participation proves unnecessary would have the effect of discouraging the intervention of what in future cases may be essential parties." Id.
 
 
 4
 Therefore, the district court did not err by finding the Party to be a "prevailing party" within the meaning of section 1988. See id.; Romberg, 953 F.2d at 1157.
 
 
 5
 FPPC also contends that even if the Party qualified as a "prevailing party," the district court erred by failing to articulate its reasons supporting the fee award. This court has said:
 
 
 6
 When setting a fee, the district court must first set the presumptive lodestar figure.... This is done 'by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate.' ... Next, in rare cases, the district court may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in Kerr v. Screen Extras Guild, 526 F.2d 67, 69-70 (9th Cir.1975) (Kerr), cert. denied, 425 U.S. 951 (1976), 'that have not been subsumed in the lodestar calculation.'
 
 
 7
 Romberg, 953 F.2d at 1161 (citations omitted). The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation. Romberg, 953 F.2d at 1161.
 
 
 8
 In this case, the district court reviewed the materials submitted in the appellee's application for fees and expressly concluded that the hours spent and rates charged were reasonable. It also reviewed the Kerr factors. The court said:
 
 
 9
 Calculation of a reasonable attorney's fee is based on the number of hours reasonably expended multiplied by a reasonable hourly rate. I find that the plaintiff-intervenor's compilation of hours expended and hourly rates requested are reasonable. After consideration of the factors enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir.1975), I find that an adjustment of the lodestar amount is not warranted.
 
 
 10
 Neither in its objection to the appellee's application in the district court nor in its brief to this court has the FPPC sufficiently set forth specific objections to any material amounts claimed. It does not explain which, if any, of the Kerr factors would militate toward a lesser award. On this record there is no basis for overturning the award which the district court imposed within its wide range of discretion. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3