Sandra **DEASE**, dba the Wounded Knee Saloon, Plaintiff,

v.

**CITY OF ANAHEIM,** a Municipal Corporation, Defendant.

No. CV 93–1712 RG(Sx)..

United States District Court, C.D. California.

Nov. 4, 1993.

G. Randall Garrou, John H. Weston, Weston, Sarno, Garrou & DeWitt, Beverly Hills, CA, for plaintiff.

Jack L. White, City Atty., Mark S. Gordon, Deputy City Atty., Anaheim, CA, for defendant.

## FINDINGS AND ORDER

GADBOIS, District Judge.

### FINDINGS

This Court filed its Memorandum Decision and Judgment in this case on July 8, 1993, and an amendment to that Judgment was filed and a judgment was duly entered on August 11, 1993, granting plaintiff a permanent injunction against enforcement of defendant City of Anaheim's conditional use permit requirement for adult entertainment businesses.

Plaintiff brought this action under 42 U.S.C. § 1983, the Federal Civil Rights Act. Pursuant to 42 U.S.C. § 1988 (the Federal Civil Rights Attorneys' Fees Awards Act of 1976), a prevailing plaintiff is entitled to award of its reasonable attorneys' fees and costs as a matter of course. Plaintiff achieved the entirety of the relief it sought in this lawsuit, even though it was not necessary for the Court to address every legal theory advanced in support of that relief.

On September 21, 1993, plaintiff timely filed a motion for attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and attached copies of its original time sheet entries detailing all time expended on plaintiff's behalf through September 16, 1993, and all expenses incurred by plaintiff through September 14, 1993. Said motion was also accompanied by a memorandum of points and authorities and numerous declarations, both of plaintiff's counsel and others, attesting either to the accuracy and reasonableness of the time records presented, or to the reasonableness of plaintiff's attorneys' hourly rates, or both.

Defendant City filed a memorandum of points and authorities in opposition to plaintiff's motion for attorneys' fees, supported by the declaration of defendant's attorney, Deputy City Attorney Mark S. Gordon. On October 8, 1993, plaintiff filed a reply memorandum responding to each of the objections made in defendant City's memorandum in opposition.

On October 18, 1993, the parties appeared, through counsel, on plaintiff's motion for attorneys' fees. This Court has now fully considered all of the documents filed, as well as the oral argument presented on this motion. Therefore, based upon the foregoing, the Court hereby makes the following findings:

### 1. *Lodestar Calculation.*

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. Next, in appropriate cases, the district court may adjust the presumptively reasonable lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), that had not been subsumed in the lodestar calculation" (citations omitted). *Intel Corporation v. Terabyte International, Inc.*, 6 F.3d 614, 622 (9th Cir.1993).

### a. Hourly Rates

The hourly rates requested by plaintiff's counsel, as well as their number of years of experience, are set forth below:

| Attorney | Hourly Rate | Years of Experience |
|---|---|---|
| John H. Weston | $325.00 | 23 |
| G. Randall Garrou | $245.00 | 17 |
| Clyde F. DeWitt | $245.00 | 20 |
| Greg A. Piccionelli | $125.00 | First-year associate |
| Melanie Long | $ 50.00 | Law clerk |
| John S. Morris | $ 50.00 | Law clerk |

■ While opposing counsel did not contest the hourly rates claimed by plaintiff's counsel, it is nonetheless incumbent upon this Court to make an independent finding that such rates are reasonable before making any fee award. *See e.g., Intel Corporation v. Terabyte International, Inc.,* 6 F.3d 614, 617 (9th Cir.1993).

■ This Court has reviewed the hourly rates of counsel and their declarations describing their extensive experience in this area of the law. The Court has also looked at the declaration of Stanley Fleishman, an attorney who has had a very similar area of practice to that of plaintiff's counsel's firm and who, like plaintiff's counsel, has had multiple appearances in the United States Supreme Court in cases in this area of First Amendment specialization.

Moreover, the Court has assessed the reasonableness of counsel's submitted hourly rates based upon its own knowledge of the rates charged by practitioners in the Central District of California with comparable amounts of experience in their particular areas of specialty.

Based on all the foregoing, the Court concludes that the hourly rates submitted by plaintiff's counsel are reasonable and consistent with those of attorneys with comparable experience practicing in the Central District of California.

**b. Reasonableness of Hours Claimed**

Plaintiff's counsel seeks recovery for 244.49 attorney hours (at an average of $241.81 per hour) and 25.3 law clerk hours (at $50 per hour) spent litigating the present case. In addition, counsel seeks compensation for costs of $2,230.55, and 13.3 attorney hours and 52.3 law clerk hours for the preparation of its fee application. Plaintiff's counsel has submitted its billing statements.

Defendant opposes 90.45 of the attorney hours and 77.3 of the law clerk hours as unnecessary. Defendant provides two basic reasons for this claim. First, defendant only spent 190.8 hours on its trial preparation and opposition to the plaintiff's fee application combined. Second, defendant individually contests many of plaintiff's entries in its billing records due primarily to a lack of specificity.

■ Defendant's first objection is irrelevant. "That defense counsel spent significantly less time on this case than did counsel for the plaintiffs is irrelevant so long as all compensated work was necessary and performed in an expeditious manner." *Harkless v. Sweeny Independent School Dist.,* 608 F.2d 594, 598 (5th Cir.1979).

Defendant's second objection is answered by plaintiff's very thorough 26–page reply memorandum. In this memorandum plaintiff has further justified every contested hour listed in its billing statement. The Court has read and considered each of defendant's objections to particular billing charges by plaintiff and concluded that, with the sole exception of 0.55 hours expended by Mr. Garrou on July 16, 1993 (at $245 per hour), the explanations provided in plaintiff's reply memorandum are satisfactory. Based on the foregoing and on arguments of counsel, the Court concludes that all but 0.55 of the hours claimed herein by plaintiff's counsel were reasonably expended in furtherance of this litigation.

The Court further concludes that no "client who had received the results obtained in this litigation would ... cavil at being billed for [any of the hours claimed herein by plaintiff's

counsel]." *Planned Parenthood v. State of Arizona,* 789 F.2d 1348, 1352 (9th Cir.1986).

### 2. *The Kerr Factors.*

█ This Court has also examined the 12 factors set forth in *Kerr v. Screen Extras Guild, Inc.,* supra, and has concluded that no adjustment of the lodestar figure herein would be appropriate.

#### a. The Time and Labor Required

This factor has already been addressed under "reasonableness of hours claimed," supra.

#### b. The Novelty and Difficulty of the Questions

This factor is reflected in the "reasonableness of hours claimed" factor in the lodestar method. *See Blum v. Stenson,* 465 U.S. 886, 898, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891, 901 (1984).

#### c. The Skill Required

This factor is reflected in the "reasonableness of hours claimed" factor in the lodestar method. *Blum,* 465 U.S. at 899, 104 S.Ct. at 1549, 79 L.Ed.2d at 902.

#### d. The Preclusion of Other Employment by the Attorney

Counsel for plaintiff has not provided any evidence of lost opportunities, and thus this factor is irrelevant. *See Lamphere v. Brown University,* 610 F.2d 46 (1st Cir.1979).

#### e. The Customary Fee

Plaintiff's attorneys charged their customary fee.

#### f. Whether the Fee is Fixed or Contingent

Plaintiff's attorneys have provided no evidence of a contingency fee arrangement with plaintiff.

#### g. Time Limitations Imposed by the Client or the Circumstances

Plaintiff sued because defendant's ordinance was causing plaintiff's business to "decline precipitously." Thus, this factor does not reduce the award to plaintiff.

#### h. The Amount Involved and the Results Obtained

There was no money involved, but plaintiff won the declaration and injunction she requested. Thus, this factor does not reduce the award to plaintiff.

#### i. The Experience, Reputation and Ability of the Attorneys

This factor is reflected in the "reasonableness of hours claimed" factor in the lodestar method. *Blum,* 465 U.S. at 899, 104 S.Ct. at 1549, 79 L.Ed.2d at 902.

#### j. The "Undesirability" of the Case

This factor does not reduce the award to plaintiff.

#### k. The Nature and Length of the Professional Relationship with the Client

This factor is unknown, and does not reduce the award to plaintiff.

#### l. Awards in Similar Cases

This Court has discovered no cases which are both similar to the present case and which suggest a reduction of the award to plaintiff.

### ORDER

1. In connection with plaintiff's initial fee application (for all fees incurred through September 16, 1993, and all expenses incurred through September 14, 1993), defendant is hereby ordered to pay plaintiff the amount of $68,354.55.

2. In connection with plaintiff's supplemental fee application (covering all fees incurred from September 17, 1993, through the date of the hearing on plaintiff's fees motion, October 18, 1993, and covering all expenses incurred in connection with plaintiff's fees motion from September 15, 1993 through October 18, 1993), defendant is hereby ordered to pay plaintiff the additional amount

of $3,383.51, for a total fee award of $71,-738.06.

**IT IS SO ORDERED.**