24 F.3d 246
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Timothy HAMMER, Plaintiff-Appellant,
and
Stephen Bohunis, Plaintiff,
v.
Charles GROSS; Armando Zatarian; Five Unknown Newport
Beach Police Officers; City of Newport Beach;
Linda Delapena; Hoag Memorial Hospital
Presbyterian; Natali, et al.,
Defendants-Appellees.
 No. 92-55663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided May 2, 1994.
 
 Before: HALL, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Timothy Hammer appeals the district court's amended order awarding attorney's fees of $23,000 pursuant to 42 U.S.C. Sec. 1988. We vacated the district court's original order awarding attorney's fees in the same amount and remanded with instructions to specify the reasons for reducing the award. Hammer argues that the district court's amended award of attorney's fees is erroneous because the district court again failed to provide an adequate explanation of its reasons for reducing the fee award. Hammer requests that this court vacate the amended order and issue a separate fee award for all work completed in the case. We find that the district court did not abuse its discretion. We therefore affirm.
 
 I.
 
 3
 Hammer argues that the district court erred in failing to provide the requisite detailed explanation of the reasons for the fee award. In particular, he contends that the district court failed to perform the minimum calculation required in determining attorney's fees because it did not: (1) specify the exact number of compensable hours or the hourly rate at which the fee was awarded; and (2) multiply the number of hours by the hourly rate to reach the lodestar figure. We find that the district court considered the applicable factors and stated its reasons with adequate specificity in reaching its fee award.
 
 
 4
 In federal civil rights actions, Sec. 1988 provides that a court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. 42 U.S.C. Sec. 1988. The district court in this instance considered the appropriate factors before determining Hammer's fee award. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976). Although the district court did not explicitly identify the number of hours and the hourly rate that it used to calculate the award, it found the hourly rate requested by Hammer's attorney was excessive. The district court made no similar comment regarding the number of hours. Hammer's attorney claims to have spent 231 hours on trial preparation and post-trial motions. The district court awarded $23,000 in attorney's fees. Clearly, the district court used $100.00 per hour, a rate within the range the court identified as reasonable, to calculate the fee award. The one hour reduction in chargeable hours, 230 hours rather than 231, does not warrant reversal.
 
 
 5
 We acknowledge that in the past, in conjunction with other litigation, Hammer's attorney has received awards calculated using a higher hourly rate. He may in the future again be compensated in such a fashion. The district court in this instance, however, based its decision in part on "[t]he skill exhibited by plaintiff's counsel [and] the quality of his work." Claiming expertise in a particular field is a two-edged sword. The top hourly rate requested as a consequence of that status is justifiable when the number of hours billed reflects this proficiency. When they do not, either the hourly rate or the billable hours must be reduced. We cannot conclude that the district court abused its discretion when it compensated the attorney for all but one billable hour albeit at a greatly reduced rate. See Oviatt v. Pearce, 954 F.2d 1470, 1481 (9th Cir.1992) (fee awards pursuant to Sec. 1988 reviewed for abuse of discretion).
 
 
 6
 Furthermore, we find no merit in Hammer's contention that the district court reduced the fee award because Hammer obtained only nominal damages in his action on the merits. Other than the district court's reference to the nominal nature of the jury's award, there is no basis in the record for the assertion that the district court made a fee award proportionate to the amount of damages recovered. As we have just explained, the fee award was adjusted to reflect the district court's view of the worth of counsel's performance. The district court did not abuse its discretion in reducing the claimed fee award.
 
 II.
 
 7
 Hammer also urges this court to set a fee award for all work done in this case at his "present hourly rate of $350." Congress, however, authorizes only the district courts to award reasonable attorney's fees to a party in a civil rights case who prevails before the trial court. Hammer's request that this court disregard the district court award and make a separate award runs counter to the language of the statute.
 
 
 8
 The district court's amended fee order is AFFIRMED. Hammer is not entitled to fees on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3