60 F.3d 833
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Leslie HOLST, et al., Plaintiff-Appellee,
v.
STATE DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, ex
rel. NEVADA DIVISION OF FORESTRY, Defendant-Appellant.
Leslie HOLST; James Parsons; Mark Lathrop; Charles Perkins,
Plaintiffs-Appellents,
v.
STATE DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, ex
rel. NEVADA DIVISION OF FORESTRY, Defendant-Appellee.
 Nos. 93-17234, 93-17260.
 United States Court of Appeals, Ninth Circuit.
 Submission deferred April 20, 1995.
Resubmitted May 11, 1995.*
Decided May 24, 1995.
 
 Before: THOMPSON, TROTT and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leslie Holst and three other Nevada firefighters appeal the judgment entered following a jury trial in their Fair Labor Standards Act (FLSA) action against their employer the Nevada Division of Forestry (NDF). The NDF cross-appeals the attorney fee awarded to the plaintiffs. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm the judgment but reverse and remand the fee award in light of our opinion in Haworth v. State of Nevada, F.3d (9th Cir. , 1995).
 
 THE JUDGMENT
 
 3
 The plaintiffs challenge one instruction given to the jury and claim the magistrate judge erred in refusing to give two additional instructions they requested.
 
 
 4
 The instruction given to the jury, that Congress did not intend the FLSA to create a windfall for firefighters, is correct. It is taken from two Federal Circuit cases involving firefighters with similar claims. LaForte v. Horner, 833 F.2d 977, 984 (Fed. Cir. 1987), cert. denied, 486 U.S. 1006; Zummerling v. Devine, 769 F.2d 745, 753 (Fed. Cir. 1985). Moreover, Congress has expressed elsewhere in the FLSA that it did not intend to create "windfall payments" for work performed "without any expectation of reward beyond that included in [the employees'] agreed rates of pay." 29 U.S.C. Sec. 251(a)(6). The district court did not err in giving the instruction.
 
 
 5
 The plaintiffs requested the jury be instructed on the Supremacy Clause. Because the Supremacy Clause was not at issue and there was no evidence presented that made it applicable, the magistrate judge properly refused to give the proffered instruction. Smith v. Sumner, 994 F.2d 1401, 1404 (9th Cir. 1993) (failure to give instruction on party's theory of case reversible error only if theory is legally sound and evidence makes it applicable).
 
 
 6
 The plaintiffs also requested an instruction that Assembly Bill 195 (June 24, 1991) (amending N.R.S. Sec. 284.180) violated the FLSA. AB 195 does not violate the FLSA. AB 195 gives the firefighters a choice between two shift options--the firefighters always have the option of working 8-hour shifts and being fully paid for those eight hours at the wage they had always made. Because the proposed instruction was an incorrect statement of law, the magistrate judge properly refused to give it. Smith, 994 F.2d at 1404.
 
 
 7
 The plaintiffs challenge the jury's verdict by which it found that the NDF's violation of the FLSA was not in bad faith. We will not overturn a jury verdict if it is supported by "substantial evidence." Davis v. Mason Co., 927 F.2d 1473, 1486 (9th Cir.), cert. denied, 502 U.S. 899 (1991). The magistrate judge stated after trial: "Ample evidence was presented at trial to support the jury's verdict, and to convince the Court as well." We have independently reviewed the record and conclude that the jury's verdict is supported by substantial evidence.
 
 THE ATTORNEY FEE AWARD
 
 8
 The NDF challenges the magistrate judge's attorney fee award. We conclude that in view of our opinion just filed in Haworth v. Nevada, F.3d (9th Cir. , 1995), we must vacate the fee award and remand the case to the magistrate judge for further calculation of that award. The award is a model of clarity and reason, but because the plaintiffs-appellants went to trial after the Rule 68 offer was made, and recovered less at trial than they were offered to settle the case, the district court should have considered reducing the award under the "results obtained" factor of Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976). See Haworth v. Nevada.
 
 
 9
 We AFFIRM the judgment on the merits of the plaintiffs' FLSA action. We VACATE the award of attorney fees and REMAND for a recalculation of a reasonable fee in light of our opinion in Haworth v. Nevada.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3