98 F.3d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Regina Ann MATTOON, Plaintiff-Appellant and Cross-Appellee,
v.
SAHARA LAS VEGAS CORPORATION, dba Sahara Hotel and Casino,
Defendant-Appellee and Cross-Appellant.
 No. 95-15051, 95-15150.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided Oct. 4, 1996.
 
 1
 Before: SNEED, NORRIS, and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 This appeal raises the question whether an employee who is sexually harassed at work, and who quits because of the harassment, may obtain damages from her employer even though the employer had no knowledge of the harassment until the employee quit. The district court entered judgment as a matter of law in favor of Sahara, pursuant to Fed.R.Civ.P. 50(a), which we review de novo. In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992).
 
 
 4
 The district court found that Mattoon had been sexually harassed, but the court nonetheless ruled in favor of Sahara because Sahara had no knowledge of the harassment until Mattoon quit and Mattoon suffered no damages from the harassment after she quit. We agree with the district court that "an employer is only liable for failing to remedy harassment of which it knows or should know." Fuller v. City of Oakland, 47 F.3d 1522, 1527 (9th Cir.1995). The district court thus recognized the simplicity of this case: Before Mattoon left, Sahara had no knowledge of her injury; after Mattoon left, she no longer suffered any injury from the workplace harassment.
 
 
 5
 Because we agree with the district court that Mattoon had no claim for relief against Sahara, we do not reach any of the issues she raises on appeal. However, we must consider Sahara's cross-appeal for recovery of attorney's fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), 28 U.S.C. § 1927, and Nevada District Court Local Rule 100-3d.
 
 
 6
 The district court summarily denied Sahara's motion for attorney's fees without stating any reasons for its denial. This absence of an explanation requires us to remand the attorney's fees issue to the district court so that it may state its reasons for its decision. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975) (noting that "meaningful review is impossible" where record was "devoid of information as to the factors considered by the district court in its determination"), cert. denied sub nom., Perkins v. Screen Extras Guild, Inc., 425 U.S. 951 (1976).
 
 
 7
 The district court judgment as a matter of law in favor of Sahara is AFFIRMED and the attorney's fees issue is REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3