**John TRULOCK, Plaintiff—Appellee,**

v.

**HOTEL VICTORVILLE, Defendant— Appellant.**

No. 02–56958.

D.C. No. CV–00–10880–GAF.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 3, 2004.\*

Decided Feb. 5, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Mark D. Potter, San Diego, CA, Russell C. Handy, San Diego, CA, Plaintiff–Appellee.

James Migler, Los Angeles, CA, for Defendant–Appellant.

Before BROWNING, REINHARDT, and WARDLAW, Circuit Judges.

## MEMORANDUM**

The Hotel Victorville ("the Hotel") appeals the district court's award of $22,250 in attorneys' fees to John Trulock following the settlement of Trulock's Americans with Disabilities Act action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

■ We reject the Hotel's assertion that the district court incorrectly interpreted *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115 (9th Cir.2000), and *Hensley v. Eckerhart*, 461.U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), to preclude "block billing" objections to fee applications. In its fee order, the district court stated that the use of block billing was one factor that "led the

---

** This disposition is not appropriate for publication and may not be cited to or by the

Court to conclude that a reduction in the number of hours charged should be imposed." We do not believe that the case law required more.

■ The Hotel was not denied due process of law by the district court's rejection of some of the Hotel's proposed reductions to the fee application. The Hotel argues that "reliance on block billing in awarding attorney fees deprives the party ordered to pay those fees of property without due process by denying that party the opportunity to test, explain, or refute the evidence." While block billing creates some impediments to the analysis of attorney fee bills, the Supreme Court has indicated that it is not a basis for refusing to award attorneys' fees. *See Hensley*, 461 U.S. at 437 n. 12; *Fischer*, 214 F.3d at 1121 (finding fee application sufficient even though it merely provided a summary of the time spent on a broad category of tasks). Accordingly, the use of block billing is not a per se deprivation of due process of law.

■ We reject the Hotel's assertion that the district court abused its discretion by failing to follow the guidelines of *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975). *Kerr* set forth twelve factors to consider in determining an award of attorneys' fees. *Id.* at 69–70. The district court considered several of these factors, including the time and labor required, the customary fee, and the experience, reputation and ability of the attorneys. Although the district court did not explicitly cite to *Kerr*, it is plain from reading its September 11, 2002 order that it did consider the relevant *Kerr* factors. *See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1385 (9th Cir.1990) (Not all twelve *Kerr* factors need be considered in every case).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because the district court did not abuse its discretion, we **AFFIRM**.