Jerry DORAN

v.

VICORP RESTAURANTS, INC., et al.

No. SACV 04–506 JVS(EX).

United States District Court, C.D. California.

Sept. 20, 2005.

Lynn Hubbard, III, Scottlynn J. Hubbard, IV, Law Offices of Lynn Hubbard, Chico, CA, for Plaintiff.

Lorraine Middleton, Los Angeles, CA, for Defendants.

SELNA, District Judge.

Proceedings: Plaintiff's Motion for Attorneys' Fees Including Litigation Expenses and Costs (Fld 7–29–05)

**Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the plaintiff's motion and rules in accordance with the tentative ruling as follows:**

Plaintiff Jerry Doran ("Doran") has filed the instant motion for attorneys' fees. For the reasons set forth below, the motion is granted.

## I. *BACKGROUND*

Doran is a paraplegic who requires the use of a wheelchair and a mobility-equipped vehicle when traveling in public. (Compl., ¶ 7.) He visited a Bakers Square restaurant in Anaheim, California and encountered architectural barriers that denied him full and equal access to the establishment. (*Id.*, ¶ 18.) In his Complaint, Doran sought declaratory, injunctive, and monetary relief based on the following claims: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"); (2) violation of Sections 19955 *et seq.* of California's Health and Safety Code; (3) violation of California's Unruh Act; (4) violation of California's Unfair Business Practices Act; and (5) negligence. (*Id.*, ¶ 2.)

The parties entered into a Settlement Agreement in which Doran released all claims in exchange for specific injunctive relief, $5,000.00 in monetary damages, and Doran's reasonable costs and attorneys' fees. The parties agreed that the Court would retain jurisdiction to entertain this motion for Doran's fees.

## II. *LEGAL STANDARD*

The ADA permits the Court "in its discretion" to award attorneys' fees and costs to the "prevailing party."[1] 42 U.S.C. § 12205; *Barrios v. Cal. Interscholastic Fed'n,* 277 F.3d 1128, 1134 (9th Cir.2002). In the Ninth Circuit, a plaintiff is considered the "prevailing party" if "he or she enters into a legally enforceable settlement agreement against the defendant." *Barrios,* 277 F.3d at 1134; *Richard S. v. Dep't of Developmental Servs.,* 317 F.3d 1080, 1086–88 (9th Cir.2003).

## III. *DISCUSSION*

Defendants Vicorp Restaurants, Inc. dba Bakers Square, and CNL Funding 2001–A, LP (collectively, "Defendants") raise two arguments in opposition to Doran's motion. The Court addresses each, below.

### 1. *Whether Doran is Entitled to Attorneys' Fees and Costs*

Initially, Defendants argue that Doran's motion should be denied in its entirety because, according to Defendants, no attorneys' fees are recoverable in the absence of a pre-litigation unambiguous warning notice and a reasonable opportunity to cure the ADA violations. (Opp'n, pp. 2–7.) Defendants advance two arguments to support this position, but the Court rejects both.

First, Defendants assert that the California Supreme Court has held that a private attorney general cannot recover attorneys' fees unless a reasonable attempt was made to settle the case before litigation. (*Id.*, p. 5 (*citing Graham v. DaimlerChrysler Corp.,* 34 Cal.4th 553, 577, 21 Cal. Rptr.3d 331, 101 P.3d 140 (2004)).) The Court, however, is not bound by the holding of *Graham* because Doran is seeking

---

**1.** The California Unruh Act similarly permits an award of attorneys' fees to a prevailing plaintiff in a disability access lawsuit. CAL. CIV. CODE §§ 52, 54.3, 55.

fees under the ADA, a federal statute. Moreover, the holding in *Graham* was based on the California Supreme Court's acceptance of the "catalyst theory" of attorneys' fees, which has been explicitly rejected by both the United States Supreme Court, *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 610, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), and the Ninth Circuit, *Bennett v. Yoshina*, 259 F.3d 1097, 1100 (9th Cir. 2001), in litigation based on violations of the ADA. It follows that *Graham* is not instructive as to whether Doran is entitled to attorneys' fees in this case.

Second, Defendants contend that *Doran v. Del Taco. Inc.*, 373 F.Supp.2d 1028 (C.D.Cal.2005), a recent decision published by another judge in this district, supports their argument. (Opp'n, pp. 2–3.) In that case, the court withheld attorney's fees as a matter of discretion where the plaintiff failed to make a clear and unequivocal demand and afford a reasonable opportunity for cure prior to initiating suit. *Del Taco*, 373 F.Supp.2d at 1033–34. While acknowledging that view, this Court does not find pre-filing notice an appropriate component for determining whether to exercise discretion. To be sure, there are excesses and abuses in the prosecution of ADA cases. *E.g., Molski v. Mandarin Touch Restaurant*, 359 F.Supp.2d 924, 926–27 (C.D.Cal.2005); *Molski v. Mandarin Touch Restaurant*, 347 F.Supp.2d 860, 863 (C.D.Cal.2004) ("*Molski I*"). But the Court cannot find a basis in those abuses to create an impediment to recovery of statutory relief where the individual case is meritorious.

The Court has four specific reasons for declining to follow *Del Taco*. First, that the ADA only provides a private plaintiff with injunctive relief should not obscure the fact that injunctive relief has substantial value: It is of benefit to the disabled whom the ADA seeks to protect; it comes at a monetary cost to those who violate the ADA. The fees sought should be measured, at least in part, against the value of the relief, whether or not monetary. A pre-suit notice requirement premised on the fact that the only monetary relief may be in the form of an award of attorneys' fees obscures this point.

Second, the imposition of a pre-filing notice requirement fails to take into account Rule 26 of the Federal Rules of Civil Procedure. The initial-disclosure and early-meeting-of-counsel requirements are particularly effective in ADA cases. In the usual case, the ADA plaintiff presents his expert report, detailing the specific ADA deficiencies.[2] Because of that fact, this Court typically orders an early settlement conference or other ADR procedure. *See* Local Rules, R. 16–14. Thus, a defendant has an early opportunity to assess the factual claims of the ADA plaintiff, and if meritorious, an opportunity to put his dollars into remediation rather than litigation expenses-be it the defendant's or the plaintiff's through an application for fees at the end of litigation.

Third, there no dispute that the filing of the present suit produced substantial relief by way of remedial work. This is not a "shake down" case. Investigation and third-party analysis were done before the suit was initiated. (Hubbard Decl., ¶ 24.) There is no evidence of "extortionate shysterism." *Molski I*, 347 F.Supp.2d at 863. Whatever scepticism the Court should en-

---

2. In this case, a third-party analysis, rather than full-blown expert report, was done prior to filing. (Hubbard Decl., ¶ 24.) At oral argument, the parties confirmed that the analysis was exchanged as part of the initial disclosures.

tertain in treating the abusive plaintiff, it is not warranted in this case.

Fourth, even if this Court agreed with the Court in *Del Taco*, there is a patent unfairness in applying the requirement retroactively. Like the bars in most specialty areas, the Court assumes that ADA practitioners quickly became aware of *Del Taco's* pre-filing notice requirement. However, that would not have helped Doran's counsel when he filed suit on April 30, 2004–more than a year before *Del Taco*.

While it might be desirable for the would-be plaintiff to detail his grievances before litigation of any type is initiated, that is not the general rule of law. If either access to the courts or the relief available should be conditioned on pre-trial notice, the Court believes that Congress is in a better position to assess that need and legislate accordingly.

Based on the foregoing, the Court rejects Defendants' arguments and finds that an award of attorneys' fees is appropriate in this case.

### 2. *Whether the Amount of Fees Should Be Reduced*

■ The Court engages in a two-step analysis to determine the proper amount of the attorneys' fees award. *Fischer v. SJB–P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000). First, the Court calculates the "lodestar figure" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Second, if appropriate,[3] the Court adjusts the lodestar figure based on an evaluation of the following factors:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales v. City of San Rafael*, 96 F.3d 359, 363–64 n. 8 (9th Cir.1996) (*quoting Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975)). The Court is cautious not to adjust the lodestar figure based on any of the foregoing factors that necessarily are subsumed into the original lodestar calculation. *See id.* at 364 n. 9 (identifying the factors presumably subsumed in the lodestar calculation).

Doran seeks $39,831.25 in attorneys' fees, based on $32,406.25 of attorneys' time and $7,425.00 of legal assistants' time. (Hubbard Decl., Exh. A.) The attorneys' time was spent as follows: Lynn Hubbard, III ("L.Hubbard"): 94.40 hours @ $300.00/ hr; Scott Hubbard ("S.Hubbard"): 21.50 hours @ 175.00/hr; Medy Beauchane: 1.85 hours @ $175.00/hr. (*Id.*)

■ The Court finds that the total amount of attorneys' time spent on this matter is reasonable, but the hourly rate is not. Specifically, the Court believes that 117.75 hours of attorneys' time devoted to this litigation could have-and should have-been managed more efficiently by having

---

**3.** The Court presumes the lodestar figure is the reasonable fee amount, and will adjust it only in rare instances and upon specific evidence that the amount is unreasonable. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir.2000).

less senior associates handle a substantial portion of the work. This is especially true given the nature of Doran's Complaint and the experience of his counsel.

L. Hubbard and his firm have handled over 500 disabled access cases that were filed under the ADA. (Hubbard Decl., ¶¶ 16, 18.) The firm is not large; it consists only of L. Hubbard, three associate attorneys and staff. (*Id.*, ¶ 20.) It follows, therefore, that each associate in the firm should have substantial experience in ADA litigation and undoubtedly is adequately qualified to handle routine matters in this lawsuit. Indeed, S. Hubbard has worked at the firm for almost ten years and has been recognized as an expert in ADA law by two judges in the Eastern District of California. (*Id.*, ¶ 22.)

The Court has reviewed the extensive breakdown of time spent by Doran's counsel and, for the reasons stated above, finds that much of the work done by L. Hubbard could have been handled by other associates in the firm.[4] In his reply, Doran conceded as much. (Doran Reply, p. 12.) Therefore, the Court finds that the reasonable hourly rate is as follows: 50 hours @ $300.00/hr; 67.75 hours @ $175.00/hr. Multiplying the hours spent by the hourly rate gives a lodestar figure of $26,856.25 for attorneys' time.

■ Defendants also ask the Court to adjust the hourly rate charged by the legal assistants in this matter. As noted above, Doran seeks an award of $7,425.00 for this time, which represents 43.75 hours @ $75.00/hr. + 63.75 hours @ $65.00/hr.

(Hubbard Decl., Exh. A.) According to Defendants, some of the time included in this calculation was spent on clerical tasks that either should not be billed, or should be billed at a lower rate of $30.00/hr. (Opp'n, pp. 7–9.) The Court agrees and finds that a reasonable rate for time spent on clerical tasks is $30.00/hr. Although it may be correct that legal assistants are now considered paralegals (Cal. Bus. & Prof.Code, § 6450), clerical work should be compensated at appropriate rates for that type of work regardless of who performs the tasks.[5]

After reviewing the breakdown of time spent on this matter, the Court finds that roughly 1/4 of the legal assistants' time was spent on clerical matters, including calendaring court dates, sending packages to defense counsel, faxing letters, etc. (Hubbard Decl., Exh. B.) Therefore, the Court finds that a reasonable hourly rate for the legal assistants' time is as follows: 25 hours @ $30.00/hr; 30 hours @ $75.00/hr; and 52.5 hours @ $65.00/hr. Multiplying the number of hours spent by the reasonable rate per hour gives a lodestar figure of $6,412.50.

In sum, the Court finds the proper lodestar figure to be $33,268.75, which represents $26,856.25 (attorneys' time) + $6,412.50 (legal assistants' time). The Court finds no basis to adjust this amount based on the *Kerr* factors, particularly because several of the factors already have been subsumed in the Court's analysis.[6]

---

4. For instance, L. Hubbard handled most of the discovery in this matter, but concedes that "some of [it] comes right off the word processor." (Hubbard Decl., ¶ 24 at p. 9.)

5. Clerical tasks are not among the duties for a paralegal enumerated in Section 6450(a) of the Business & Professions Code.

6. Specifically, the Court has considered the following factors in determining the reasonable hourly rate: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, and (4) the experience, reputation, and ability of the attorneys. *Kerr*, 526 F.2d at 70.

Doran's counsel also seeks $9,085.53 in costs and litigation fees. Defendants have not opposed this request, and the Court finds no reason why it should be denied. The final award, including costs and fees, therefore totals $42,354.28.

## IV. CONCLUSION

For the reasons set forth above, the motion is granted and Doran is awarded $42,354.28 in fees and costs.