28 F.3d 105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard H. EMMONS, Plaintiff-Appellee,
v.
COUNTY OF ORANGE; Joint Marshals Personnel Committee for
the County of Orange; Marshal Department of the County of
Orange; Michael S. Corona; James L. Hill; Don Spears;
Gary G. Tackett; Michael Padore, et al., Defendants-Appellants.
 No. 93-56365.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1994.
Decided June 27, 1994.
 
 Before: FARRIS, O'SCANNLAIN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard H. Emmons has standing to pursue his overbreadth claims. He claims that the Marshal's Department's regulations are unconstitutional as applied to him and threaten the First Amendment rights of all the department's employees. Ripplinger v. Collins, 868 F.2d 1043, 1047 (9th Cir.1989); NAACP v. City of Richmond, 743 F.2d 1346, 1352, 1358 (9th Cir.1984).
 
 
 3
 Because the challenged regulations are overbroad, the district court properly struck them down. Their expansive language creates a real and substantial danger that the First Amendment rights of the employees will be significantly compromised. We will not invalidate regulations if a large part of the conduct regulated is legitimately proscribed. But the challenged regulations reach well beyond the department's valid interests in preventing the disclosure of legally confidential information, maintaining employee discipline, and creating a nonpartisan, harmonious workplace. Cf. City Council v. Taxpayers for Vincent, 466 U.S. 789, 798-801 (1984); Broadrick v. Oklahoma, 413 U.S. 601, 615 (1973); Connick v. Meyers, 461 F.2d 138, 150-151 (1983); United States Civil Serv. Comm'n. v. Letter Carriers, 413 U.S. 548, 554-56 (1973).
 
 
 4
 The four stricken regulations fail to distinguish between the employees' off-duty and on-duty activities. Although two of the regulations contain language which attempts to protect employees' off-duty activities, other portions of the regulations carve unacceptable exceptions into these limitations. Section 21.92.1 states that "[a]ll employees have the right to participate in off-duty political activities as governed by law." But section 21.92.2 prohibits employees from engaging "in any political activity on county premises or during working hours or while in uniform." (Emphasis added). This prohibition is not limited to working hours, when the employees are at the courthouse and wearing their uniforms. By using the word "or," the regulation creates a real danger that employees will be deterred from exercising their right to engage in off-duty, nonpartisan political activities in the county's public forums.
 
 
 5
 Similarly, Section 51.01.1-2 ambiguously suggests that Section 52.03's restrictions on the content of employees' speech topics may be limited to occasions when employees are speaking on behalf of the department. However, this limitation is negated by Section 21.88, which, after encouraging participation in civic groups, states that "prior to making any public speech, members shall comply with the provisions of Title 5...."
 
 
 6
 In addition, the regulations draw no distinction between speaking as a citizen upon a matter of public concern and speaking as an employee on a matter of personal or departmental interest. Cf. Connick, 461 U.S. at 143-147. " '[T]he Government, as an employer, must have wide discretion and control over the management of its personnel and internal affairs.' " Id. at 151 (quoting Arnett v. Kennedy, 416 U.S. 134, 168 (1974) (Powell, J., concurring)). Nevertheless, the right to comment on matters of public importance is not forsaken when a person accepts a job with the government. Pickering v. Board of Education, 391 U.S. 563, 568 (1968); McKinley v. City of Eloy, 705 F.2d 1110, 1114-15 (1983).
 
 
 7
 Nothing in the record indicates that these intrusions on employees' free speech rights are justified by, or even relevant to, the department's legitimate interests. Nor are the regulations the least restrictive means of serving these interests. Cf. City of Richmond, 743 F.2d at 1354-55. Unlike the regulations upheld in Letter Carriers, 413 U.S. at 576-580 & n. 21, 581-595 (1973), the department has not provided detailed lists of prohibited and permitted activities.
 
 
 8
 We reject the county's argument that the constitutional defects may be cured by a limiting interpretation of the regulations. The "philosophy of enforcement" statement in Section 11.00 does not narrow or clarify the scope of the regulations in dispute. We cannot impose a limiting construction contrary to the plain language of the regulations. City of Richmond, 743 F.2d at 1358.
 
 
 9
 Emmons has prevailed on the merits of some of his claims. Pursuant to 42 U.S.C. Section 1988, he is entitled to an interim award of attorney's fees. Hanrahan v. Hampton, 446 U.S. 754, 757-58 (1980); Ward v. County of San Diego, 791 F.2d 1329, 1334 (9th Cir.1986), cert. denied, 483 U.S. 1020 (1987). We remand for an award of reasonable attorney's fees in accord with the criteria set forth in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976).
 
 
 10
 AFFIRMED and REMANDED for a determination of attorney's fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3