**Lana MOCKLER, Plaintiff,**

v.

**Robert SKIPPER, Dan Noelle, Multnomah County, Dennis Fitz, Multnomah County Deputy Sheriff's Association, and Pieter Van Dyke, Defendants.**

**Civil No. 93–1117–FR.**

United States District Court,
D. Oregon.

Oct. 11, 1996.

See also, 1996 WL 293218.

Stephen L. Brischetto, Portland, OR, for Plaintiff.

Douglas R. Andres, Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, OR, for County Defendants.

Corbett Gordon, Corbett Gordon & Associates, Portland, OR, for Defendant Multnomah County Deputy Sheriff's Association.

## OPINION AND ORDER

FRYE, Judge:

The matter before the court is the plaintiff's petition for attorney fees (# 343).

## BACKGROUND

The plaintiff, Lana Mockler, filed this action against six defendants alleging claims for sexual harassment, retaliation, the intentional infliction of emotional distress, and the violation of her equal protection rights under the United States Constitution. After a trial, the jury returned a verdict against the defendants, Dennis Fitz, Multnomah County, and Dan Nolle, the Multnomah County Sheriff, in his official capacity (the Multnomah County defendants). A jury awarded Mockler $185,000 in damages for emotional distress, and $40,000 in punitive damages. The jury returned a verdict in favor of the defendant, the Multnomah County Sheriff's Association. The court awarded Mockler $473.92 in back pay under O.R.S. 659.030 against the defendant, Multnomah County.

Mockler has filed a petition for attorney fees seeking $249,959.70 for legal services rendered, along with a claim for expert witness fees in the sum of $1,262.00, and costs and out-of-pocket expenses in the sum of $975.09, for a total fee award of $252,196.79 against the Multnomah County defendants. Mockler has submitted evidence that her attorney spent 908.21 hours on the merits of this case at the hourly rate of $225 per hour. She seeks a multiplier of 1.2. In addition, Mockler seeks reimbursement for the 21.08 hours spent by her attorney in preparation of the petition for attorney fees at the hourly rate of $225 per hour.

Defendant Multnomah County contends that (1) the requested hourly rate of $225 per hour is unreasonable; (2) the lodestar sum should be reduced to reflect that Mockler was unsuccessful in her claims against defendant Multnomah County Sheriff's Association and the common law claim for which attorney fees are not available; and (3) a multiplier enhancement is not appropriate.

## APPLICABLE STANDARD

In addressing a petition for attorney fees, the court must first determine the "lodestar" by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *D'Emanuele v. Montgomery Ward & Co.*, 904 F.2d 1379, 1383 (9th Cir.1990). There is a "strong presumption" that the lodestar fee is a reasonable fee. *Id.* at 1384. Nevertheless, in rare cases, this strong presumption may be rebutted through the application of those factors not subsumed in the lodestar calculation. *Id.* The factors subsumed in the lodestar calculation are set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir.1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 (1976), as follows:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.* at 70 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)).

## ANALYSIS

### 1. The Lodestar Fee

The factors used to determine the reasonable hourly rate for use in a lodestar calculation are: "the novelty and complexity of the issues, the special skill and experience of counsel, the quality of the representation, the results obtained and the superior performance of counsel." *D'Emanuele*, 904 F.2d at 1383 (citing *Blum v. Stenson*, 465 U.S. 886, 898–900, 104 S.Ct. 1541, 1548–50, 79 L.Ed.2d 891 (1984)). Mockler contends that the hour-

ly rate of $225 per hour is a reasonable fee for an attorney with the skill, experience and reputation of her attorney. Defendant Multnomah County contends that an hourly rate of $150 per hour is reasonable.

Undisputably, this was a case which required the special skills and the extensive experience that counsel for Mockler has. Every aspect and every phase of this action was vigorously contested by a pair of counsel for the defendants who brought to the defense the special skills and the extensive experience that counsel for Mockler has. Counsel for Mockler was required to address complex issues, and counsel for Mockler obtained excellent results for her. Based on the factors set out in *D'Emanuele,* the court finds that an hourly rate of $210 per hour is appropriate. *See Bain v. Tri–County Metro. Transp. Dist.,* Civil No. 92–600–FR, Opinion dated June 24, 1994, p. 2, 1994 WL 377757 ($200 per hour was a reasonable hourly attorney fee rate in an employment case).

The lodestar fee of $195,150.90 is reached by multiplying 929.29 hours of time spent at a rate of $210 per hour for the sum of $195,150.90.

#### 2. *Reduction of the Lodestar Fee*

■ A reduction of the lodestar fee may be justified when the plaintiff fails "to obtain relief on all claims, and if hours spent on unsuccessful claims were not needed to pursue successful claims." *Quesada v. Thomason,* 850 F.2d 537, 539 (9th Cir.1988). In *Gates v. Deukmejian,* 977 F.2d 1300, 1312 (9th Cir.1992), the court explained:

> The district court first asks if the plaintiff did not prevail on claims that were unrelated to those on which he succeeded and excludes any fees associated with those unsuccessful claims. Second, the court makes further reductions when plaintiffs' success on any remaining interrelated unsuccessful and successful claims was limited.

■ The Multnomah County defendants contend that the lodestar fee should be reduced by thirty-five percent to reflect that Mockler was unsuccessful in her claims against defendant Multnomah County Sher-

iff's Association, and that the lodestar fee should be reduced by an additional ten percent to reflect the state common law claim for the intentional infliction of emotional distress for which fee shifting is not authorized.

The Multnomah County defendants ask the court to conclude that a thirty-five percent reduction is required. They list a number of pleadings and depositions which they contend would not have been necessary had the Multnomah County Sheriff's Association not been a defendant. However, as Mockler points out in her reply brief, many of those depositions would have been required in any case because there were issues of fact as to whether certain individuals were acting in their capacities as officials of defendant Multnomah County Sheriff's Association or were acting in their capacities as employees of defendant Multnomah County.

The work done in this case which relates to defendant Multnomah County Sheriff's Association most often also related to the Multnomah County defendants. This court has presided over this case throughout the pretrial era and the trial. The court is familiar with the overlap of the issues presented, as well as the impact of the success of Mockler against the Multnomah County defendants, but not the success of Mockler against defendant Multnomah County Sheriff's Association.

The court has carefully reviewed the record. The court has considered the list of pleadings and depositions noted by the Multnomah County defendants as attributed to the unsuccessful claims against defendant Multnomah County Sheriff's Association in support of its claim that a thirty-five percent reduction of the lodestar (or $68,302.81) is warranted. *See* County Defendants' Objection to Plaintiff's Petition for Attorney Fees and Costs, pp. 25–26. The court has further reviewed the list of the time spent by Mockler on her unsuccessful claims against defendant Multnomah County Sheriff's Association, which includes 58.41 hours (or $12,266.10 of the lodestar fee). *See* Affidavit of Stephen L. Brischetto in Support of Petition for Attorney Fees, p. 15.

The court finds that some reduction of the lodestar amount is reasonable because Mock-

ler was not successful in any of her claims against defendant Multnomah County Sheriff's Association. However, the court concludes that a thirty-five percent reduction of the lodestar amount is not warranted. Because most of the pretrial issues and most of the issues raised at trial were relevant to the Multnomah County defendants, or to both the Multnomah County defendants and defendant Multnomah County Sheriff's Association, the court will reduce the lodestar amount by fifteen percent. This reduction reflects the fact that there were some issues which related only to Mockler's unsuccessful claims against defendant Multnomah County Sheriff's Association, and that Mockler was very successful in her claims against the Multnomah County defendants. In considering the list of work proposed by Mockler and the list of work proposed by the Multnomah County defendants which related only to the unsuccessful claims against defendant Multnomah County Sheriff's Association, the court finds that this fifteen percent reduction (or $29,272.63) in the lodestar amount is a reasonable estimate of the additional time and expense which was expended by Mockler because of the involvement in the case of defendant Multnomah County Sheriff's Association. There were pretrial pleadings which would not have been involved (e.g., a motion for a separate trial); additional or more lengthy depositions (e.g., Will Atchinson); as well as additional issues at trial (e.g., jury instructions).

■ Finally, this court will not reduce the lodestar amount for Mockler's success on the state law claim for the intentional infliction of emotional distress. While there is no specific fee shifting statute relating to the claim for the intentional infliction of emotional distress, this claim was based upon a common core of operative facts and was factually related to all of the successful claims.

3. *Multiplier*

■ Mockler asks the court to apply a multiplier of 1.2 to the lodestar amount under O.R.S. 659.121. Mockler argues that a multiplier of 1.2 is appropriate because there are only a limited number of attorneys willing and able to take on complex, controver-

sial, and high risk employment cases; that plaintiffs experience difficulty obtaining competent counsel in high risk employment cases; and that counsel who undertake such cases for a plaintiff on a contingent fee basis are generally compensated at rates greatly exceeding the standard billing rates in the community.

The Multnomah County defendants argue that the court should not use a multiplier under state law because the lodestar amount is adequate to compensate Mockler's counsel for the limited relief that she actually received under her state law claims.

This court finds that the lodestar fee of $195,150.90, after a reduction of $29,272.63 for Mockler's unsuccessful claim against defendant Multnomah County Sheriff's Association, for a total of $165,878.27 in fees, adequately compensates counsel for Mockler for the difficulties of the case, in general, and the probabilities of success in the individual cases. This was a difficult case. Mockler was not successful against defendant Multnomah County Sheriff's Association, and had only limited success on her state law claims against the Multnomah County defendants. The court finds that the lodestar calculation adequately covers all of the factors relevant to a reasonable award of attorney fees in this case. The court will not use a multiplier in making its attorney fees award.

## CONCLUSION

Mockler's petition for attorney fees (# 343) is GRANTED in the amount of $165,878.27 in fees for legal services, $1,262.00 in costs, and $975.09 in out-of-pocket expenses, for a total of $168,115.36.

IT IS SO ORDERED.