101 F.3d 705
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LOUIS SCHERZER PARTNERS LP, Plaintiff-Appellant,
v.
FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate
capacity, Defendant-Appellee.
 No. 95-35732.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 7, 1996.
Decided Nov. 15, 1996.
 
 Before: CANBY, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff/Appellant Louis Scherzer Partners, LP, appeals from the district court's grant of summary judgment in Defendant/Appellee FDIC's favor. Scherzer also appeals from the district court's grant of the FDIC's request for attorneys' fees.
 
 
 3
 We conclude that the FDIC was entitled to summary judgment because the doctrines of mutual mistake and frustration of purpose are inapplicable in this case. We also find that the district judge did not abuse her discretion in granting the FDIC's request for attorneys' fees. Therefore, we affirm.
 
 
 4
 We need not set forth the facts because the parties are familiar with them.
 
 SUMMARY JUDGMENT
 
 5
 We review de novo a district court's grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1995).
 
 Mutual Mistake
 
 6
 Under Section 152 of the Restatement (Second) of Contracts, a contract is voidable if "at the time a contract was made" both parties made an erroneous, material assumption. The comment to Section 151 of the Restatement states that "the erroneous belief must relate to the facts as they exist at the time of the making of the contract." Therefore, the doctrine of mutual mistake clearly does not apply to unexpected events that occur after the parties have formed the contract. Washington courts have adopted this rule. See Washington State Hop Prod. v. Goschie Farms, 754 P.2d 139, 143 (Wash.Ct.App.1988).
 
 
 7
 Here, Scherzer essentially argues that there was mutual mistake because at the time of contracting neither party foresaw that Washington would adopt more restrictive wetlands protection ordinances. This is exactly the kind of "mistake" that the doctrine of mutual mistake does not govern. See RESTATEMENT (SECOND) OF CONTRACTS § 151 illus. 1 & 2. Therefore, because the restrictive wetlands ordinances were enacted after the contract was formed, the doctrine of mutual mistake is inapplicable.
 
 Frustration of Purpose
 
 8
 Basic contract principles demand that, unless the contract indicates otherwise, the buyer bears the risk that future events may diminish the value of the buyer's purchase. See ARTHUR LINTON CORBIN, CORBIN ON CONTRACTS §§ 605, 1354 (1963). Moreover, the doctrine of frustration of purpose does not apply if the contract allocated the risk of frustration to the frustrated party. Scott v. Petett, 816 P.2d 1229, 1236 (Wash.Ct.App.1991).
 
 
 9
 Scherzer cannot rescind its contract simply because subsequent events made the land that Scherzer purchased less valuable. Furthermore, like the contract in Scott, the contract in this case shifted to Scherzer the risk that Scherzer's intended use of the property might be frustrated. See id. The contract allocated to Scherzer "as of closing," obviously extending to after closing, the risk of defects in the property and adverse conditions. The contract also admonished that Scherzer was "relying on its own examination and inspection of all matters with respect to ... permissible uses, zoning, ... restrictions and all other matters bearing upon the value of the Premises in [Scherzer's] judgment and for [Scherzer's] purposes...." Therefore, the doctrine of frustration of purpose is unavailable to Scherzer where, four years after the sale of the property, new state and local regulations diminished the property's usable acreage.
 
 ATTORNEYS' FEES
 
 10
 We review the district court's grant of attorneys' fees for abuse of discretion. Nelson v. Pima Community College, 83 F.3d 1075, 1080 (9th Cir.1996).
 
 
 11
 The district judge in this case carefully considered each of Scherzer's objections to the amount of the FDIC's attorneys' fees. Then, in light of all of the relevant evidence, the district judge made a rational finding that the FDIC's attorneys' fees were reasonable. The district judge was not required to recite each of the factors that we outlined in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir.1975), cert. denied, 425 U.S. 951 (1976). See McGinnis v. Kentucky Fried Chicken, 51 F.3d 805, 809 (9th Cir.1994). Moreover, Scherzer points to no relevant factor that the judge overlooked. Therefore, we conclude that the district judge did not abuse her discretion in finding that the FDIC's attorneys' fees were reasonable.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3