**Phyllis ELLIS, Plaintiff–Appellant,**

v.

**COPPERFIELD INVESTMENT & DEVELOPMENT COMPANY, a California Corporation, Defendant–Appellee.**

No. 00–56101.

D.C. No. CV–99–00025–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2001.

Decided Nov. 30, 2001.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

MEMORANDUM *

In her appeal, Ellis challenges the district court's calculation of her attorneys' fee award. The district court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

"We review the factual determinations underlying an award of attorneys' fees for clear error . . . and the legal premises a district court uses to determine an award de novo." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1147–48 (9th Cir. 2001) (citations omitted).

## I.

■ The district court erred when it failed to apply the twelve "Kerr factors" outlined in *Morales v. City of San Rafael*, 96 F.3d 359, 363 n. 8 (9th Cir.1996) to determine the appropriate fee award. 42 U.S.C. § 12205 permits parties that prevail on claims brought under the Americans with Disabilities Act (ADA) to recover "reasonable attorney's fee[s]" in the court's discretion. Section 12205 is interpreted in concert with other fee shifting statutes such as the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000). A prevailing party will normally be entitled to attorneys' fees unless "special circumstances would make an award unjust." *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968) (per curiam).

Courts calculating attorneys' fees first address the threshold question of whether the prevailing party's victory was purely technical as is the case when a plaintiff who seeks compensatory damage receives a nominal award. If the prevailing party's victory is purely technical, that party will generally not recover attorneys' fees. *Farrar v. Hobby*, 506 U.S. 103, 115, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). If the victory is not purely technical, the court will calculate the fee award by using the lodestar method. *Ferland*, 244 F.3d at 1149 n. 4.

A court applying the lodestar method multiples the hours reasonably spent litigating the case by a reasonable hourly rate. A reasonable hourly rate is determined by applying the twelve factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). Once the lodestar amount has been calculated, it is presumed reasonable and subsequent adjustments downward or upward are disfavored. *Morales*, 96 F.3d at 364; *Ferland*, 244 F.3d at 1149 n. 4.

In its order, the district court stated that it did not need to apply the *Kerr* factors because Ellis was only partially successful in obtaining the relief she originally sought. In other words, the court extended the *Farrar* exception beyond de minimis relief to relief that is substantive but limited. This was legal error. We have held that the *Farrar* exception applies only to de minimis relief. *Morales*, 96 F.3d at 365 (9th Cir.1996).

The district court did arrive at the fee it awarded by multiplying an hourly rate by the number of hours expended. While the court's effort in making this calculation is noteworthy, the lodestar method requires more than a bare calculation. It requires that the hourly rate used in the calculation be arrived at by applying the *Kerr* factors.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

This is not to say that the district court should not have considered the results obtained by Ellis when it made the calculation. Indeed, the Supreme Court has held that the result obtained is a "crucial factor." *Hensley v. Eckerhart,* 461 U.S. at 440, 103 S.Ct. 1933. However, the district court should have considered the results obtained when it applied the *Kerr* factors (as the result obtained is one of those factors). Moreover, we express no opinion about whether the fee awarded would have been consistent with the lodestar method as we have described it had it been applied to this case.

## II.

■ The district court also erred when it relied on the hourly rate of attorneys hired by the government to defend criminals and of federal judges as a standard by which to gauge a reasonable rate in this ADA case. The proper reference point for a reasonable hourly rate is "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Trevino v. Gates,* 99 F.3d 911, 924 (9th Cir.1996) (citation and internal quotation marks omitted). *Trevino* is virtually indistinguishable from this case. In *Trevino,* we vacated a district court's attorneys' fee calculation in a civil rights suit because the district court relied on the amount paid by the city to private attorneys for criminal defense work.

Because government-hired criminal defense attorneys and federal judges do not perform work that is "similar" to work performed by civil rights plaintiffs' attorneys, the district court's comparison constitutes legal error. On remand, the district court should arrive at a reasonable hourly rate by comparing the rate claimed by Ellis' lawyers to the rate paid in the community for similar work performed by lawyers of similar ability.

## III.

■ The district court also erred when it failed to award litigation expenses and costs as itemized for the court. Litigation expenses and costs are distinct from attorneys' fees. *See Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1216 n. 7 (9th Cir.1986). Where attorneys' fees depend upon time expended by the lawyer, litigation expenses and costs are "out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client." *Id.* (citation omitted). As with attorneys' fees, a prevailing party will normally be entitled to litigation expenses and costs absent "special circumstances." *Cf. Newman,* 390 U.S. at 402, 88 S.Ct. 964.

In its order, the district court stated that its award "includ[ed] litigation expenses." The total amount awarded, however, is the product of the number of hours expended times what the court deemed a reasonable hourly rate; it does not include other out-of-pocket expenses. The court, therefore, failed to award litigation expenses and costs. Since there was no finding of special circumstances, this was legal error. On remand, the district court should award reasonable litigation expenses and costs, absent a finding of special circumstances.

**FEE VACATED and REMANDED**