**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN WHITAKER, | No. 22-55668 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 2:19-cv-06877-MWF-AGR |
| SMB GROUP, a California limited partnership; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted August 22, 2023
Pasadena, California

Before: RAWLINSON and BRESS, Circuit Judges, and ZOUHARY,[**] District Judge.

Appellant Brian Whitaker ("Whitaker")—represented by the Center for Disability Access ("CDA")—appears before this Court a second time, challenging the reduction of hourly rates in the district court award of attorney fees. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

de novo a district court compliance with a mandate on remand, and its award of attorney fees for abuse of discretion. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1066 (9th Cir. 2012); *Dunlap v. Liberty Nat. Prods., Inc.*, 878 F.3d 794, 797 (9th Cir. 2017). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

This Court's remand mandate in *SMB I* was clear. *See Whitaker v. SMB Grp.*, No. 20-55838, 2021 WL 5150045 (9th Cir. Nov. 5, 2021). It required the district court to explain its reduction to counsel's requested rates. *Id.* at *1. We identified the following factors for the court to consider: "the complexity of the case, the type of work involved, rates for [] lawyers of comparable skill in the relevant community, whether the legal work was performed by lawyers at the appropriate levels of seniority, or other relevant factors." *Id.* at *2. The district court complied, reviewing the *Kerr* factors, as well as the quick resolution of the case and the lack of complexity. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992).

Although Whitaker challenges the court's application of the *Kerr* factors on several grounds, none support a finding of abuse of discretion. And the argument that adjustments to the lodestar may only be made in "rare or exceptional" circumstances is without support. Rather, it is well established a court has discretion to adjust the lodestar upward or downward. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983).

The district court adequately justified its reduction of CDA's requested hourly rates. For example, the court considered, as one of several factors, that the fees CDA sought ($20,459) significantly overshadowed the settlement it obtained ($4,000). Whitaker argues this is improper, but *Kerr* expressly lists "the amount involved and the results obtained" as a factor a district court may consider when assessing an upward or downward departure from the lodestar. 526 F.2d at 70. The district court properly did not treat this factor as dispositive. Whitaker also challenges the district court conclusion that CDA's strategy of "serial ADA litigation," in which it employs an "assembly-line approach," weighs in favor of lower attorney fees. Here again, the court permissibly reached this conclusion based on the facts of this case. *See Moreno*, 534 F.3d at 1115 (listing "[t]he difficulty and skill level of the work performed" as relevant to the district court's decision to deviate from the lodestar).

At oral argument, Whitaker's counsel argued strenuously that the court confused efficiency with simplicity, contending he should not be reprimanded for perfecting his craft. Yet, he failed to show how the attorneys in this specific case performed anything but routine tasks, requiring minimal specialized skill. This was a straightforward case that lacked discovery, substantive motion practice, or trial preparation. The district court was entitled to conclude that it required little "time and labor," favoring a rate reduction. *Kerr*, 526 F.2d at 70.

Lastly, CDA asserts that bias in the arena of ADA litigation has led to punitive fee decisions that threaten the practice. No record evidence suggests animus, and the court faithfully applied and followed *Kerr*, *Hensley*, and *Moreno*.

**AFFIRMED.**