**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 13 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JENNIFER BURKHALTER,

Plaintiff-Appellee,

v.

LAURIE BURKHALTER and KIRSTEN CLOUGH,

Defendants-Appellants.

Nos. 22-55909, 22-55910, 22-55912, 22-55913

D.C. No. 5:19-cv-00272-JGB-SP

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted October 18, 2023
Pasadena, California

Before: CLIFTON and SANCHEZ, Circuit Judges, and KORMAN, District
Judge.**

Laurie Burkhalter and Kirsten Clough ("Defendants") appeal the district

court's attorney's fee award to Jennifer Burkhalter ("Plaintiff") pursuant to 8

U.S.C. § 1183a(c) and the district court's denial of their motion for

reconsideration.  We review both orders for abuse of discretion.  *El-Hakem v.*

---

\*      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

*BJY Inc.*, 415 F.3d 1068, 1072 (9th Cir. 2005) (attorney's fees award); *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1140 (9th Cir. 2010) (motion for reconsideration). Because the district court appears to have applied an incorrect legal standard and failed to give adequate explanation as to the basis for its attorney's fee award, we vacate and remand for reconsideration of the fee motion.

1. Plaintiff prevailed on her action seeking arrears for support payments under an I-864 Affidavit of Support for 2019 and 2020 and for ongoing support payments. Defendants opposed her application for attorney's fees. The district court awarded Plaintiff $254,036.15 in attorney's fees.[1] In doing so, the district court incorrectly stated that Defendants had not filed an opposition, and its initial fee order did not address the arguments raised in the opposition filing. Following Defendants' motion for reconsideration, the district court acknowledged its mistake but declined to adjust the award.

2. The district court appears to have applied an incorrect legal standard in its review of Plaintiff's attorney's fee award application. Although the court acknowledged it had overlooked Defendants' opposition to the motion

---

[1] The district court did not abuse its discretion in finding that Plaintiff was the prevailing party. "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). Plaintiff prevailed where a jury found that she was entitled to arrears payments for 2019 and 2020 and ongoing support payments.

for attorney's fees, the court cited and proceeded to analyze Defendants' arguments under the more exacting standard for relief from a final order or judgment. *See* Fed. R. Civ. P. 60(b). To the extent the district court reviewed the reasonableness of the fee award under the correct legal standard, it did not indicate it was doing so. "A district court abuses its discretion if it fails to apply the correct legal standard or if its application of the correct standard is 'illogical, implausible, or without support in inferences that may be drawn from facts in the record.'" *United States v. Estrada*, 904 F.3d 854, 862 (9th Cir. 2018) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1251 (9th Cir. 2009) (en banc)).

3.      To determine a reasonable attorney's fee award, the court must first calculate the lodestar by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A district court must provide more than bare assertions to support its attorney's fee award. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 & n.3 (9th Cir. 1986), *amended*, 808 F.2d 1373 (9th Cir. 1987); *see McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("Once the district court completes its analysis of the final lodestar amount, it must explain how it arrived at its determination with sufficient specificity to permit an appellate court to determine whether the district court abused its discretion in the way the analysis was undertaken.").

3

4.     In its initial fee order, the district court determined that Plaintiff counsel's hourly rate was reasonable based on prevailing market rates in the relevant legal community, and it excluded entries for clerical work and duplicative tasks.  However, the district court provided no explanation why it found over 900 hours expended between four attorneys and eight timekeepers in total was reasonable under the circumstances of this case, or indeed why an attorney's fee award of $254,036.15 was reasonable in light of the jury's award of only $31,562.50 in arrears.  "The district court's failure to provide such an explanation makes meaningful review of its lodestar determinations impossible." *McCown*, 565 F.3d at 1102.

5.     Compounding the district court's unexplained lodestar analysis, the district court abused its discretion by failing to address several of the relevant "reasonableness" factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), and briefed by the parties.[2]  Consideration of the *Kerr* factors is "required in a determination of reasonable attorney's fees." *Kerr*, 526 F.2d at 70.  "The failure to consider such factors constitutes an abuse of discretion."

---

[2] The *Kerr* factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." *Kerr*, 526 F.2d at 70.

4

*Id.*; *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988) ("This Circuit requires that courts reach attorneys' fee decisions by considering some or all of twelve relevant criteria set forth in *Kerr*."). "A mere statement that a court has considered the *Kerr* guidelines does not make a decision within the court's discretion." *Quesada*, 850 F.2d at 539.

On reconsideration, the district court addressed only one of the *Kerr* factors, the contingent nature of the agreement. It did not address other salient factors raised by Defendants, including the difficulty or novelty of the questions presented, the time and skill required to litigate the issues, and awards in similar cases. In a straightforward case such as this one where the main issue presented at trial was whether Plaintiff's income level fell below 125% of the Federal Poverty Guidelines for a period spanning four years, it is incumbent on the district court to address the reasonableness of the hours expended in light of these *Kerr* factors.

**VACATED AND REMANDED.**